Gregory J. Aldisert (Cal. Bar No. 115334)
galdisert@kwikalaw.com
Gregory S. Gabriel (Cal. Bar No. 239902)
ggabriel@kwikalaw.com
Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA 90401
Phone: (310) 566-9800
Fax: (310) 566-9850
Attorneys for Plaintiff My Medical Loan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MY MEDICAL LOAN, INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>MEDCHOICE FINANCIAL, LLC, a Florida limited liability company; MEDCHOICE FINANCIAL, LLC, a Delaware limited liability corporation; PHILIP HALL, a Florida citizen; MICHELO NATURILE, a Florida citizen,<br><br>Defendants. | CASE NO. CV 10-4121-DMG(AGRx)<br><br>**PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** |

10131.00004/111512.1

On March 23, 2012, Plaintiff My Medical Loan, Inc. ("Plaintiff") filed a response to the Court's Order To Show Cause Re Dismissal For Lack Of Prosecution in which it explained to the Court that the parties had worked to find an amicable resolution over the past year and had finally reached an agreement in principal. However, when the parties attempted to reduce their agreement to writing Defendants MedChoice Financial LLC, Phillip Hall and Michelo Naturile ("Defendants") attempted to take advantage of the fact that Plaintiff faced dismissal of this action if a settlement could not be finalized and imposed manifestly unreasonable new terms that were not contemplated during the prior settlement negotiations. As a result, the parties were unfortunately unable to agree upon all terms of a settlement.

Federal Rule of Civil Procedure 41(a)(2) ("Rule 41") vests the district court with broad discretion to dismiss an action at the plaintiff's request "upon such terms and conditions as the court deems proper." Fed. R. Civ. Proc. 41(a)(2). While the Court maintains discretion to dismiss with or without prejudice, the default under Rule 41 is a dismissal <u>without</u> prejudice. While Plaintiff steadfastly believes that it can prove that Defendants breached their contract with Plaintiff and owe Plaintiff hundreds of thousands of dollars, the tenuous financial position that Defendants are allegedly in makes the further prosecution of this action financially unfeasible for Plaintiff. Plaintiff does not desire to incur substantial further litigation costs only to obtain an uncollectable judgment. However, Plaintiff should not lose its ability to reassert its claims in the future. Defendants have repeatedly threatened to file bogus counterclaims against Plaintiff. Tellingly, Defendants never asserted such claims. Nevertheless, if Defendants suddenly find the financial resources to assert such claims Plaintiff needs to preserve its ability to reassert the claims presented in this action, or at a minimum use these claims as an offset.

Given the foregoing, Plaintiff respectfully requests that the Court exercise its discretion under Rule 41 and dismiss this matter without prejudice.

DATED: April 19, 2012

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Gregory Aldisert
Gregory Aldisert
Attorneys for Plaintiff

2

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire Boulevard, 3rd Floor, Santa Monica, CA 90401.

On April 19, 2012, I served true copies of the following document(s) described as **PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** on the interested parties in this action as follows:

Bradley I. Kramer, M.D., Esq.
The Trial Law Offices of Bradley I. Kramer, M.D., Esq.
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024
Fax: (866) 289-2771
Email: bkramer@biklaw.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kinsella Weitzman Iser Kump & Aldisert LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 19, 2012, at Santa Monica, California.

/s/ Lynne Thompson
Lynne Thompson

10131.00004/111512.1